**WARNER, Appellant v. KNOLLWOOD CEMETERY CO. et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 18303.   Decided March 11, 1942.

Virgil J. Terrell, Cleveland, for appellant.

Seymour H. Person, Cleveland, and Ben H. Davis, Cleveland, for appellee The Knollwood Cemetery Co.

Duncan, Leckie, McCreary, Schlitz & Hinslea, Cleveland, for appellee The Knollwood Cemetery Assn.

Judges of the Ninth District sitting by designation in place of Judges Lieghley, Morgan and Skeel, of the Eighth District.

## OPINION

By STEVENS, J.

This is an appeal on questions of law and fact.

The plaintiff, Warner, a lot owner in the Knollwood Cemetery since 1929, filed, in the Common Pleas Court, an action, purporting to be a class suit, against the Knollwood Cemetery Co., et al. In his petition Warner alleged that the Knollwood Cemetery Association was a corporation not for profit, and the Knollwood Cemetery Co. was a corporation for profit. The petition set forth a series of transactions between the two above-mentioned corporations, which transactions it alleged were fraudulent in character; and the plaintiff accordingly asked that the deeds and contracts between the two corporations be cancelled, for an accounting, and for such further relief as in equity plaintiff might be entitled to receive.

Later, but on the same day, a case was filed in the Common Pleas Court by the Knollwood Cemetery Association against the Knollwood Cemetery Co.; the petition therein set out substantially the same facts as were alleged in the petition of Warner, and prayed for a declaratory judgment as to the conditions under which the relation between the two companies should be severed, and for an accounting.

The two cases were thereafter, by order of the Court of Common Pleas, consolidated under the above-captioned case. They are so presented to this court.

To an amended petition filed by Warner in the consolidated case in the Common Pleas Court, answers were filed by the defendants named in that petition. The plea of res adjudicata was interposed, upon the ground that the issues in the consolidated case had been adjudicated in the Court of Common Pleas in the case of **Huffman et v Knollwood Cemetery Assn. et,** decided by that court in Cuyahoga county in the year 1935, and a like issue was made by pleadings in the Knollwood Cemetery Association case. Various other defenses, including the statute of limitations, were also presented.

The plaintiff Warner, as shown by the evidence, was in 1935 a lot owner in said cemetery, and was fully advised concerning the proceedings in the Huffman case. The journal entry of the court expressly found that all lot owners and all

crypt owners were duly represented, and the decree purported to adjudicate the issues between said owners and the corporations, and between the corporations themselves.

The evidence further discloses that, subsequent to 1935, certain other transactions were carried on by said corporations, in strict conformity to the procedure which had been approved by the court in the Huffman case.

One cannot read the transcript of the evidence introduced in this case and not be impressed by the fact that, so far as the plaintiff Warner is concerned, there is no showing made that he is acting in the interest of anyone other than himself. There accordingly arises a very serious question as to his right to institute and maintain a class suit under the circumstances disclosed by this evidence.

It might be properly concluded that Warner's activities were motivated largely by self-interest, rather than by a sincere desire to benefit those persons whom he alleges to be in the class of which he is a member, and which he claims to represent.

Assuming, however, that Warner did have the right to maintain his action as a class suit, we are clearly of the opinion that two things are conclusively shown by this evidence: first, a complete absence of fraudulent conduct on the part of the defendant companies and the other defendants named in Warner's petition; and, secondly, an adjudication, in the Huffman case, of all of the issues made by the pleadings and the evidence in the Warner case.

We are of the opinion that the application of the doctrine of res adjudicata is sufficient, so far as the plaintiff Warner is concerned, to preclude him from the relief which he seeks; and furthermore, we find that plaintiff Warner has failed to prove fraudulent conduct on the part of the defendants by the requisite degree of proof.

These conclusions necessitate a dismissal of the petition filed by the plaintiff Warner.

As to the action for a declaratory judgment brought by the Knollwood Cemetery Association, we are of the opinion that said plaintiff is not entitled to relief, by way of declaratory judgment or otherwise, which it seeks in its petition, because all of the issues presented by the petition of Knollwood Cemetery Association were adjudicated and finally and properly determined in the case of **Huffman et v Knollwood Cemetery Assn. et;** accordingly the petition of the plaintiff Knollwood Cemetery Association must be dismissed.

The trial judge, who heard this case when it was presented in the Court of Common Pleas, prepared and filed an exhaustive and well-considered memorandum of opinion, wherein he summarized the pleadings and the evidence, and discussed the law applicable to the issues presented by the pleadings and the evidence.

We are in entire accord with the conclusions reached and with the reasoning contained in said memorandum of opinion.

A decree as in the Court of Common Pleas may be prepared, dismissing said petitions at the costs of the plaintiff in each of the cases heretofore consolidated.

DOYLE, P. J., and WASHBURN, J., concur.